UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HASSIE HOWELL AND MARIA E. HOWELL | CIVIL ACTION |
| VERSUS | NO: 06-9520 |
| MARTIN INSURANCE AGENCY, ET AL. | SECTION: J(3) |

**ORDER AND REASONS**

Before the Court is the **Rule 12(B) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Rec. Doc. 6)** filed by Defendant Martin Insurance Agency, Inc ("Martin").  This motion, which was opposed, was set for hearing on January 31, 2007, on the briefs alone.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court finds, for the reasons that follow, that this motion should be granted.

## Background Facts

Plaintiffs, the owners of property that was damaged by Hurricane Katrina, sued several defendants in the 34th Judicial District Court for the Parish of St. Bernard. Plaintiffs claim Martin is an insurance producer who sold Plaintiffs their insurance policy on the property as an employee or agent of

Defendant Travelers Property Casualty Co. ("Travelers").
(Petition , ¶ 4).  Plaintiffs contend that they relied on
Martin's recommendation and expertise when purchasing insurance
for their property. (Petition, ¶¶ 5,8).  There are no other
specific allegations against Martin in the Petition.  In fact,
the specific allegations of wrongdoing present in the Petition
relate to Travelers.

     This case was removed to the Court based on diversity
jurisdiction.  The removing defendant asserted that the
citizenship of non-diverse Martin should not be considered for
purposes of determining the existence of diversity of citizenship
because Martin was improperly joined to defeat diversity.
Plaintiff did not file a motion to remand.  Defendant Martin now
seeks to be dismissed claiming that Plaintiff has not stated a
claim against it upon which relief can be granted.

<u>**Arguments of the Parties**</u>

     Martin asserts that the specific allegations in the Petition
relating to it do not state a claim upon which relief can be
granted.  Instead, the Petition simply indicates that Martin was
the agency that sold Plaintiffs their policy, which is not an
allegation of wrongdoing.

     In opposition, Plaintiffs assert that paragraphs 29 and 30
in the Petition mistakenly name "Travelers" as the defendant,
when it fact the intended Defendant in those paragraphs was
Martin.  Plaintiffs assert in the opposition that they have filed

a motion for leave of court to amend the petition in this respect, which, they claim, will effectively state a claim against Martin.

## **Discussion**

The standard for review of a motion to dismiss under Rule 12(b)(6)is as follows: a court may not dismiss a claim unless it appears certain that the "plaintiff cannot prove any set of facts in support of [his] claim which would entitle [him] to relief." United States v. City of New Orleans, 2003 WL 22208578, at * 1, No. Civ. A. 02-3618 (E.D.La. Sept. 19, 2003), quoting Benton v. United States, 960 F.2d 19, 21 (5th Cir.1991).  To avoid dismissal under this theory, a plaintiff must plead specific facts, not mere conclusory allegations."  Id.; see also Kaiser Aluminum & Chemical Sales v. Avondale Shipyards, 677 F.2d 1045 (5 Cir.1982).

This Court concludes that Plaintiffs have not stated a cause of action against Martin.  First, there are no allegations of wrongdoing against Martin in the Petition.  Although Plaintiffs did file a motion for leave to amend the Petition, as indicated in their opposition, the motion was deemed deficient (Rec. Doc. 22).  Because the deficiency was not corrected within the allotted time frame, the motion was terminated.  In other words, Plaintiffs' Petition was never amended to state a claim against Martin.

However, even if Paragraphs 29 and 30 were amended to

substitute "Martin" for "Travelers", the Petition would read as
follows:

> 29.
>
> Defendant, [Martin], was negligent and breached
> their fiduciary duty to plaintiffs in not advising
> plaintiff of the availability or need for
> additional coverage for flood damages.
>
> 30.
>
> Defendant, [Martin], was negligent and breached
> their fiduciary duty to plaintiffs by directly or
> indirectly informing plaintiffs that the policy
> sold to plaintiff would cover "all hurricane
> damages."

This Court finds that these allegations are still not sufficient
to state a claim upon Martin.  Specifically, as Judge Vance
recently noted in <u>Dobson v. All State Ins. Co.</u>, 2006 WL 2078423,
*10 (E.D. La.), no cases impose a duty on an agent to identify a
client's needs and advise him whether he is underinsured or
carries the correct type of coverage.  In <u>Motors Ins. Co. v.
Bud's Boat Rental, Inc.</u>, 917 F.2d 199, 205 (5th Cir. 1990), the
Fifth Circuit noted, "the client is himself considered
responsible for adequately advising the agent of the coverage
needed and for reading the clear provisions of the insurance
policy."  Accordingly,

   **IT IS ORDERED** that the **Rule 12(B) Motion to Dismiss for
Failure to State a Claim Upon Which Relief Can be Granted (Rec.
Doc. 6)** is **GRANTED.**

   **IT IS FURTHER ORDERED** that Plaintiffs' claims against Martin

Insurance Agency, Inc. are hereby **DISMISSED**.

New Orleans, Louisiana this the 5th day of February, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE